IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND CAPLE, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0355-M |
| | § | |
| AN DEALERSHIP HOLDING CORP., | § | |
| ET AL. | § | |
| | § | |
| Defendants | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Plaintiffs have filed an unopposed motion to stay this civil action pending arbitration because all parties have agreed to proceed with arbitration in lieu of litigation. Although the Federal Arbitration Act provides that a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement," *see* 9 U.S.C. § 3, the Fifth Circuit has held that a case may be dismissed, rather than stayed, where all issues are properly subject to arbitration. *See Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Where, as here, the parties have agreed to arbitrate all matters in controversy, the only possible role a court could have would be to review the arbitration award once the proceedings are concluded. *See Alford*, 975 F.2d at 1164.

In a supplement to their motion filed on October 24, 2008, plaintiffs argue that this action should be stayed, rather than dismissed, because "[t]he District Court can still have a significant role to play even in instances when the case is properly referred to arbitration." (*See* Plf. Supp. Mot. at 2). Two examples of continued judicial involvement cited by plaintiffs are: (1) compelling

witnesses to attend arbitration and punishing those who fail to appear; and (2) enforcing, modifying, or vacating an arbitration award. (*Id.*). According to plaintiffs, "[i]f the Court dismisses the [ ] case instead of staying it, the parties seeking the above-referenced relief would be required to file a new action each time the Court's assistance was required risking the assignment of a new judge as well." (*Id.*). To the extent such considerations are relevant in determining whether to dismiss or stay a civil action pending the outcome of arbitration, they are not applicable here. Since plaintiffs filed this case eight months ago, there has been *no* judicial involvement of any kind. In fact, it does not appear that any of the defendants have been served with process. Under these circumstances, the case should be dismissed rather than stayed.

## RECOMMENDATION

Plaintiffs' unopposed motion to stay proceedings pending arbitration [Doc. #8] should be denied. In light of the agreement of all parties to arbitrate this dispute, the case should be dismissed without prejudice in favor of arbitration.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 27, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE